DAVID CHANDLER v. JOHN SAWTELL AND JAMES TOWER.

[IN CHANCERY.]

When an execution is levied upon land, the title will become absolute in the creditor, unless the debtor, or his legal representative, tender and pay to the clerk, or justice, who issued the execution, the amount due upon the execution, with the costs of levy, within the six months allowed by the statute for redemption. It is not sufficient, that the money is tendered to the creditor personally, and not accepted by him.

APPEAL from the court of chancery.  Edward R. Campbell held a note, for $550, against the defendant Tower, dated April 29, 1837, which was secured by mortgage upon certain land, which Tower owned in fee, subject to a life estate in a third person ; but before the mortgage was recorded, the defendant Sawtell attached the land, upon two writs, as the property of Tower.  The mortgage was assigned by Campbell to the orator, August 29, 1841.  Sawtell recovered judgment in his suit against Tower, April Term, 1841, and took out execution.  On the sixth day of May, 1841, Sawtell levied one of his executions upon nine undivided twelfth parts of the land, subject to the above mentioned incumbrance of the life estate, appraised at $516,25; and on the eleventh day of May, 1841, for the purpose, as the orator alleged in his bill, of preventing Campbell, or the orator, from redeeming the land, so levied upon, he caused his remaining execution to be levied upon ten undivided twenty fifth parts of the same nine undivided twelfth parts of the land, appraised at $256,14.  On the fifth day of November, 1841, the orator tendered to Sawtell, personally, the full amount due upon the first execution, which was levied upon the land, with the costs of the levy ; but Sawtell refused to receive the money.  The orator prayed, that the defendants be decreed to pay to him the amount due upon the mortgage note, or, in default thereof, be foreclosed of all equity of redemption in the premises.  The court of chancery dismissed the bill ; from which decree the orator appealed.

*A. Keyes* and *C. I. Walker* for orator.

*W. C. Bradley* and *L. Adams* for defendants.

The opinion of the court was delivered by

REDFIELD, J.  By the bill in this case the plaintiff, for those whom he represents, seeks to be restored to the title of land, upon which a creditor has twice levied executions, in succession, to the full extent of the fee simple, the second levy being intended doubtless to reach his right of redeeming the first levy.  Upon the first levy, within six months from date, the debtor made a tender of the amount to the creditor *in person*, but not to " the clerk of the court, or justice," as the statute requires.  If the title of the levying creditor

became absolute, by reason of this defect in the mode of the tender, the bill was correctly dismissed, and the effect of the second levy becomes unimportant.

Upon this subject the court are inclined to abide by the terms of the statute. That provides, that the debtor, in such cases, may " tender and pay to the clerk of the court, or justice," " the sum, at which the estate was appraised, and interest," and take from such clerk, or justice, " a certificate thereof;" and this, being recorded " in the town or county clerk's office, where the execution was recorded, shall forever defeat any title to such estate " by means of the levy. Without this provision, the title would, at once, become perfected in the creditor. This is the only mode, which the law provides for defeating the title. It is simple, certain, easy to be understood and to be followed ; and it is not for the parties, or the court, to say, that other modes are equivalent. Doubtless, if the creditor had accepted the money, and attempted to retain the money and the land, or had in any other way induced the debtor to forego the mode of tender required by the statute, courts of equity would recognize it, as a fraud of a character to be redressed by them, and very likely by requiring a reconveyance of the land. But nothing of the kind appears in this case.

Many conjectural reasons might be assigned, why a tender to the creditor, *in person*, would be less satisfactory, than to have the money paid into the clerk's office. And if we depart in one particular, we know not how far we might be driven to go. We might next be asked to say, that a tender at the dwelling house, or place of business, of the debtor is sufficient. The subject matter, which is now so well understood, and so practicable, would thus become embarrassed and complicated, to a very unreasonable and a very unnecessary extent.

The decree of the chancellor is affirmed, with additional costs.